[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared. The plaintiff was represented by counsel. The defendant appeared pro se. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Lyman, intermarried at Montville, Connecticut on April 15, 1978; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that no other minor children were born to the defendant since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party.
The plaintiff testified that the cause of the breakdown of the parties' marriage was due to lack of communication between the parties, lack of love, arguments over finances and that he wasn't appreciated by the defendant.
The plaintiff moved out of the marital home August 7, 2001 and moved in with Lori Morean, a co-worker of the plaintiff at Beit Brothers, and her three children. He stated that he started dating her after he moved out of the marital home, that they share living expenses and that his financial affidavit lists his share of said expenses.
When the plaintiff left the defendant, he took a white Dodge 800 with him and subsequently sold it for $1,780.00. He used said funds to pay his attorney and to make payments on the loan on the 1999 Mercury Tracer which he wishes to give to his daughter. The defendant's name is on said loan. He also has a 1977 Ford which is valued at $8,000.00 although he spent $13,000.00 to restore it about 3-1/2 years ago. CT Page 11420
The defendant does not object to the transfer of the Mercury automobile to her daughter. However, she wants to be relieved of her obligation on the loan on said automobile.
The defendant claims the cause of the breakdown was because of the plaintiff's acts of adultery. However, she offered no proof of any such conduct by the plaintiff other than the fact that the plaintiff would on occasion stay out all night. He testified that he, on such occasions, would rent a motel because the night classes he attended in Hartford for his employ ended late at night and he felt it would be better to stay in a motel than return home so late at night.
She further testified that the plaintiff failed to make the mortgage payments due on the marital home causing her to borrow $4,000.00 from her mother, Madeline Lyman, to pay on the mortgage to avoid foreclosure. Defendant claims that since the plaintiff left, she paid $1,911.00 on the mortgage principal (Defendant's Exhibit B) as well as interest and taxes. The monthly mortgage payment is $926.00. Presently, the mortgage is two months in default.
Both parties have a high school education. The plaintiff; who was born February 16, 1958, is in good health. However, he did have a lower back injury and injury to his arms while employed at Electric Boat. He also was injured in a motor vehicle accident in 1985.
Notwithstanding said problems, the plaintiff has been able to fulfill his employment at Beit Brothers where he is produce manager and has a net weekly income of $413.40.
Prior to his employment with Beit Brothers, the plaintiff was employed at the Electric Boat for about 19 years and earned a pension, which plaintiff will start receiving at age 65. No testimony was offered as to the value of said pension.
The defendant, who was born November 20, 1958, is in good health. She was employed about 20% of her married life. Presently she is employed at Foxwood Casino as a guest room attendant and has a net weekly income of $323.39 and earns tips of about $50.00 per week.
The parties jointly own a marital residence at 11 Sachem Road, Uncasville, Connecticut, which the parties purchased in 1987 for $115,000.00. The plaintiff claims that the parties used the net proceeds received from the sale of their prior home and $40,000.00 he received from his personal injury cases. The defendant denied plaintiff's claim. CT Page 11421
The remaining assets and liabilities will be set forth in the orders set forth herein.
Based on the evidence, the court finds that the marriage of the parties has broken down irretrievably. I find the plaintiff more at fault for the breakdown than the defendant. Accordingly, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown without any hope for reconciliation. It is ordered that:
1. No alimony is awarded to either party.
2. The marital home shall be sold. However, the net proceeds shall be divided 35% to the plaintiff and 65% to the defendant; that the net proceeds shall be that figure the parties would receive if the mortgage payments were current at the time of sale. If said mortgage is not current, the defendant shall pay to the plaintiff from her proceeds the amount necessary to make said mortgage current at the time of sale. From his share of the net proceeds, the plaintiff shall pay to the defendant one half of the loan ($2,000.00) to defendant's mother, Madeline Lyman.
3. The defendant shall remain in the marital property until it is sold. During said occupancy she shall be responsible for all expenses related to said property including the mortgage payments. In the event of her failure to pay same, said expenses, etc., shall be deducted from her portion of the net proceeds.
4. The defendant shall receive by way of QDRO one half of plaintiff's Electric Boat pension. The plaintiff's attorney shall prepare the necessary documents.
5. The plaintiff shall keep the 1977 Ford and 1999 Mercury subject to any loans thereon. He shall remove the defendant's name from any loans thereon and keep the defendant harmless therefrom. The defendant shall execute any documents necessary to release any claims she has to said vehicles.
6. The defendant shall keep the 1999 Ford Escort subject to any loans thereon and keep the plaintiff harmless therefrom. The plaintiff shall execute any necessary documents to release any interest he may have to said automobile.
7. The plaintiff shall keep the rollaway tool box with tools, the weed wacker, leaf blower and other miscellaneous tools and any bank accounts in his sole name. CT Page 11422
8. The defendant shall keep the grandfather's clock, all the household furniture and furnishings presently in the marital home and any bank accounts in her sole name.
9. Each party shall pay their own attorney fees.
JTR Vasington CT Page 11423